1   Grant Kinsel, Bar No. 172407
    GKinsel@perkinscoie.com
2   PERKINS COIE LLP
    1888 Century Park East, Suite 1700
3   Los Angeles, CA 90067-1721
    Telephone: 310.788.9900
4   Facsimile: 310.788.3399

5   Jerry A. Riedinger, admitted *pro hac vice*
    JRiedinger@perkinscoie.com
6   Kyle M. Amborn, admitted *pro hac vice*
    KAmborn@perkinscoie.com
7   PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
8   Seattle, WA 98101-3099
    Telephone: 206.359.8000
9   Facsimile: 206.359.9000

10  Attorneys for Plaintiff
    **JW Pharmaceutical Corp.**

11  *List of counsel continued on second page*

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15  **JW Pharmaceutical Corp.,**            Case No. 2:12-cv-01006-JAK-RZ

16                   Plaintiff,              **DISCOVERY MATTER**

17          v.                              [~~PROPOSED~~] REVISED STIPULATED
                                            PROTECTIVE ORDER
18  **Michael Kahn**; and **PRISM Pharma**
    **Co., Ltd.,**
19                                          The Honorable John A. Kronstadt
                     Defendants.            The Honorable Ralph Zarefsky
20

21

22

23

24

25

26

27

28

1  *List of counsel, continued from Caption*:

2  Michael N. Zachary
   CA State Bar No. 112479
3  Brian F. McMahon
   CA State Bar No. 235373
4  CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
5  1420 Fifth Avenue
   Suite 2800
6  Seattle, Washington  98101
   Phone:  (206)-682-8100
7  Fax:  (206)-224-0779
   Email: michael.zachary@cojk.com
8  Email: brian.mcmahon@cojk.com

9

10 Attorneys for Defendant
   **PRISM Pharma Co., Ltd.**

11

12 JENNIFER L. BROCKETT (State Bar No. 193433)
      jenniferbrockett@dwt.com
13 DAVIS WRIGHT TREMAINE LLP
14 865 South Figueroa Street, Suite 2400
   Los Angeles, California 90017-2566
15 Telephone: (213) 633-6800
   Fax: (213) 633-6899
16
   STUART R. DUNWOODY (Admitted *Pro hac Vice*)
17    stuartdunwoody@dwt.com
18 BENJAMIN J. BYER (Admitted *Pro hac Vice*)
      benbyer@dwt.com
19 DAVIS WRIGHT TREMAINE LLP
20 1201 Third Avenue, Suite 2200
   Seattle, Washington 98101-3045
21 Telephone: (206) 622-3150
   Fax: (206) 757-7700
22

23 Attorneys for Defendant
   **Michael Kahn**

24

25

26

27

28

1    Plaintiff JW Pharmaceutical Corp. ("JWP") and Defendants Michael Kahn

2    ("Kahn") and PRISM Pharma Co., Ltd. ("PRISM") (collectively the "Parties,"

3    individually a "Party") have agreed that certain documents and information to be

4    produced during discovery in this case (the "Action") should be kept confidential in

5    order to protect the legitimate business interests of the parties and their customers,

6    business partners, and other non-parties and hereby have stipulated and agreed,

7    subject to Court approval, to the entry of the Protective Order below pursuant to

8    Fed. R. Civ. P. 26(c).

9    **Good Cause Statement**

10    This case will involve discovery into highly confidential information of all

11    parties, and certain non-parties, relating to alleged trade secrets and other

12    confidential information, including the structure of certain compounds being used

13    in anti-cancer research, methods of synthesizing those compounds, strategies for

14    developing compounds, and various other technological, business and financial

15    matters.

16    Plaintiff JWP has alleged claims for misappropriation of its trade secrets, for

17    breach of various confidentiality obligations, and other claims.  Plaintiff JWP has

18    concerns about the disclosure of its trade secrets, financial data, business operations

19    and strategies to PRISM, which it regards as a competitor.  Defendant PRISM, for

20    its part, contends that it has developed its own compounds, and  has concerns about

21    discovery of its own trade secrets, business operations, collaborations with third

22    parties, and financial information.  Defendant Dr. Kahn has at different times been

23    associated with both of the other parties, and has concerns about the disclosure of

24    information JWP or PRISM considers confidential, trade secret or commercially

25    sensitive business information, as well as any disclosure of Dr. Kahn's own

26    financial or commercially sensitive business information.  Both PRISM and JWP

27    have entered into or discussed business collaborations with non-parties, which the

28    parties and those non-parties do not wish to be disclosed.

1    The parties further believe that the public disclosure of their trade secrets and
2    other confidential information would cause great competitive harm, including
3    financial harm.

4    The terms that the Parties have agreed to for the protection of confidential
5    and proprietary information, and that all Parties request that the Court adopt in the
6    form of an Order, are as follows:

7    1.    <u>Right to Designate</u>.  Any Party to this Action, and any non-party from
8    whom discovery is sought in connection with this Action who agrees to be bound
9    by the procedures of this Protective Order ("Producing Party"), may designate as
10   "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel
11   Only" any Litigation Material produced by such party that contains confidential
12   information pursuant to the terms and conditions set forth herein.

13   (a)    "Litigation Material" is defined herein as any information,
14   Document, exhibit, summary, pleading, report, declaration, affidavit,
15   testimony, transcripts, interrogatory response, admission, thing, source code,
16   object code, data, file, or other discovery material.

17   (b)    "Document" is defined herein to have the meaning ascribed to it
18   in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include all
19   "writings," "recordings," and "photographs" as those terms are defined by
20   Rule 1001 of the Federal Rules of Evidence.

21   (c)    "Confidential," "Highly Confidential," and "Highly Confidential
22   – Outside Counsel Only" as used in this Protective Order, shall refer to any
23   Litigation Material designated in accordance with this Protective Order, all
24   copies thereof, and any Confidential,  Highly Confidential, or Highly
25   Confidential – Outside Counsel Only information contained therein.

26   (d)    "Protected Material" is defined herein as any Litigation Material
27   that is designated as either "Confidential," "Highly Confidential," or "Highly
28   Confidential – Outside Counsel Only" and all copies thereof, and shall also

refer to the Confidential, Highly Confidential, or Highly Confidential – Outside Counsel Only information contained in such Litigation Material.

(e) "Receiving Party" as used herein refers to any Party, entity, or individual who receives, is shown, or is exposed to Protected Material designated pursuant to this Protective Order.

2. <u>Material Eligible for Protection</u>. No "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only" designation shall be made unless the Producing Party believes in good faith that the designated Litigation Material is entitled to such protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and meets the requirements for the specific level of protection designated, as set forth below.

(a) Litigation Material qualifies for "Confidential" designation if it constitutes or contains a trade secret or other confidential research, development or commercial information that a party or nonparty believes in good faith would harm the competitive position of the Producing Party or another party if it were disclosed to the Receiving Party. Examples of such highly sensitive information are set forth in subsection (b) below.

(b) The following are exemplary categories of information suitable for designation as "Confidential":

(i) Information that constitutes or contains trade secrets or other confidential research, development, or commercial information the disclosure of which the Producing Party reasonably believes could cause harm to the business of the Producing Party or provide improper business or commercial advantage to others;

(ii) Information that is protected by a right of privacy or non-disclosure under federal or state law or any other applicable privilege or right related to confidentiality or privacy;

(iii)    Documents relating to the Producing Party's prosecution of patent applications that have not yet issued and that contain claims that are not publicly known;

(iv)    Licensing and/or settlement-related Documents, including, but not limited to, agreements and communications with potential licensors and licensees;

(v)    Financial data or information including information concerning sales, revenue, profit margins, costs, capacity, return on investment, capital expenditures, yields, utilization, or similar benchmarks of a competitively sensitive and non-public nature;

(vi)    Customer lists;

(vii)    Patient lists and patient information;

(viii)    Confidential scientific or other research data relating to the parties' efforts to develop compounds for treatment of disease;

(ix)    Business, strategy, or marketing plans, including projections, new product or chemical compound concepts, and related forward-looking information;

(x)    Proprietary formulas, confidential strategies for conducting research on chemical compounds, and proprietary information regarding synthesis and manufacture of the parties' compounds;

(xi)    Price lists and/or pricing information;

(xii)    Information obtained from a non-party pursuant to a non-disclosure agreement;

(xiii)    Agreements with any non-party, including OEMs, suppliers, distributors, and customers;

1   (xiv)  Negotiations related to the sale of any product

2   manufactured or sold by a Party or non-party, including data related to

3   negotiations or sales opportunities;

4   (xv)   Budgets, forecasts, and financial projections; and

5   (xvi)  Any other information or Documents the disclosure of

6   which the Producing Party can demonstrate would cause a clearly

7   defined and serious injury.

8   (c)   Litigation Material qualifies for "Highly Confidential"

9   designation if it satisfies the criteria set forth in subsection (b) above and is of

10  sufficient sensitivity that the Producing Party in good faith believes that the

11  materials should not be disclosed to more than one designated client

12  representative of a Party to the case. This category is intended to be used,

13  among other things, for JWP's designation of materials containing or

14  referring to any alleged trade secrets or other highly confidential information

15  that JWP contends was known to, used by, or disclosed to or by Dr. Kahn.

16  (d)   Litigation Material qualifies for "Highly Confidential  –

17  Outside Counsel Only" designation if it satisfies the criteria set forth in

18  subsection (b) above and is of sufficient sensitivity that the Producing Party

19  in good faith believes that the materials should not be disclosed to designated

20  client representatives of a Party to the case.  Litigation Material shall not be

21  designated "Highly Confidential - Outside Counsel Only" if it was previously

22  disclosed to an adverse Party or is alleged to have been known to, used by, or

23  disclosed to or by an adverse Party.

24  3.   <u>Method of Designation</u>.  In order to designate material under this

25  Protective Order, a party or nonparty shall mark such material as "Confidential,"

26  "Highly Confidential," or "Highly Confidential – Outside Counsel Only" using

27  those or substantially similar words, in the following manner:

28

(a)     Where feasible, the Producing Party shall include the appropriate confidentiality designation clearly on each page or portion of the Protected Material, whether in electronic or hard copy form, at the time such documents are produced, or as soon thereafter as the Producing Party becomes aware of the confidential nature of the information or material disclosed.

(b)     Where marking each page or portion of the Protected Material is not practicable, the disks, hard drives, or other media containing such electronic or native Documents or data shall be appropriately marked.  A Receiving Party that is permitted under this Protective Order to make electronic copies of such media or portions thereof shall affix the same designation on the copy as exists on the original or the production medium. A Receiving Party that is permitted under this Protective Order to make a "hard copy" of all or a portion of the contents of information or documents stored electronically shall place on each page of such hard copy the same designation as found on the electronic copy of the document or data, or as found on the outside of the storage medium, as applicable.

(c)     Transcripts or recordings of depositions or other proceedings in this Action may be designated as Protected Material by (i) the statement of counsel on the record during such deposition or other proceeding that the entire transcript or a portion thereof shall be designated as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only," as appropriate; or (ii) by written notice of such designation sent to all Parties within ten (10) business days after the transcript or recording is sent to counsel by the court reporter.  If no such designation is made at the time of the testimony or other proceeding, the Parties shall treat all transcripts and recordings of testimony and proceedings as "Highly Confidential – Outside Counsel Only" hereunder until the expiration of ten (10) business days after

the transcript or recording is received by counsel from the court reporter. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.  If any document or material designated as Protected Material is used during the course of a deposition, that portion of the deposition record reflecting such document or material shall be stamped with and treated by the parties as having the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

(d)     In the case of pleadings, briefs, memoranda, exhibits, written discovery response, or other documents prepared in this Action for the purpose of discovery or court proceedings, counsel shall affix the legend "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel Only," as appropriate, to each page of any document containing any such Protected Material at the time such documents are served, filed, or lodged, or promptly after learning that the document contains Protected Material.

4.     <u>Disclosure of "Confidential" Litigation Material</u>.  Until or unless the Court rules otherwise, Protected Material and copies, extracts, compilations and summaries thereof, as well as the Confidential information therein, shall be maintained in confidence by the Receiving Party.  Protected Material designated "Confidential" shall not be disclosed or otherwise communicated to any person except:

(a)     Outside Counsel for the Parties.  As used herein, "Outside Counsel" shall mean attorneys for the respective firms, including their clerical, litigation support and paralegal employees, who have appearances entered in the Action for the Parties.

(b)     Michael Kahn.

---

(c)     No more than three employees and/or officers of each of JWP (or its parent JW Holdings Corporation) and PRISM who are directly involved in, and reasonably require access to "Confidential" Protected Material for the management, prosecution, defense, or settlement of this Action, or the supervision or oversight of Outside Counsel in this Action, and whose names shall be provided to the other parties five business days in advance of any disclosure, including a description of their titles and responsibilities within their companies, and their roles with respect to the litigation and the supervision or oversight of Outside Counsel.  Each person who is to be given access to Confidential Protected Material must first sign an undertaking substantially in the form set forth in Exhibit A, which shall be provided to the other Parties.  A party objecting to disclosure to an individual identified by another party shall provide notice of its objection within five (5) business days.  Thereafter, if the objection is not resolved, the objecting party may file a motion with respect to the objection within 10 business days after the five (5) business day period expires.

(d)     Testifying experts, non-testifying experts, consultants, and/or consulting firms for each of the Parties, specifically engaged by counsel or the parties to assist in this Action, who have been properly designated in accordance with paragraph 9 and who have executed an undertaking in the form of Exhibit A.  Such agreement may be signed by an authorized agent on behalf of a consulting firm that is an entity; it need not be signed by each employee of a consulting firm performing services.

(e)     Vendors retained by a Party or by counsel of record, including without limitation: graphics or design services retained for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings; copy services, companies that digitize documents, and other similar document management vendors; and jury research or trial consulting

services.  Any such vendors shall first execute an undertaking in the form of Exhibit A.  Such agreement may be signed by an authorized agent on behalf of a vendor that is an entity; it need not be signed by each employee of a vendor performing services.

(f)     Translators of foreign language documents or translation firms retained to provide translations of any Protected Material, who are not employees of any of the Parties and who have executed an undertaking in the form of Exhibit A.  Such agreement may be signed by an authorized agent on behalf of a translator that is an entity; it need not be signed by each employee of a translator performing services.

(g)     Any person being examined as a witness during a deposition or at trial employed by the designator of the Protected Material, authored by that person or identified in the Protected Material as a recipient of such Protected Material, or to which that person otherwise had lawful access prior to his or her examination.  Employees or agents of a Party or non-party may be examined regarding the Protected Material of that Party or non-party.

(h)     The Court, pursuant to paragraph 15, jurors, and any court officers, court stenographers, and outside copy services used by the Court whose function requires them to have access to Protected Material.

(i)     Any other person, upon order of the Court.

5.     <u>Disclosure of "Highly Confidential" Litigation Material</u>.  Protected Material designated "Highly Confidential," and copies, extracts, compilations, and summaries thereof, as well as the Highly Confidential information therein, may only be disclosed or otherwise communicated to the persons identified in paragraphs 4(a), 4(b), and 4(d)-4(i), and in addition may be disclosed to one individual at each of PRISM and JWP (or JW Holdings Corporation) who shall be specifically identified to the other parties prior to such disclosure or communication, and who the parties then mutually agree in writing may have such

1  access, and under such additional terms and conditions as the parties may agree to.

2  Notwithstanding the foregoing, outside counsel may generally summarize the

3  significance of "Highly Confidential" information and provide advice to their

4  clients based upon such information.

5        6.    <u>Disclosure of "Highly Confidential – Outside Counsel Only"</u>

6  <u>Litigation Material</u>.  Protected Material designated "Highly Confidential – Outside

7  Counsel Only," and copies, extracts, compilations, and summaries thereof, as well

8  as the Highly Confidential information therein, may only be disclosed or otherwise

9  communicated to the persons identified in paragraphs 4(a) and 4(d)-4(i).

10        7.    <u>Advice to Clients</u>.  Notwithstanding Paragraphs 4. 5 and 6 above,

11  outside counsel may generally summarize the significance of "Confidential,"

12  "Highly Confidential," or "Highly Confidential – Outside Counsel Only"

13  information and provide advice to their clients based upon such information.

14        8.    <u>Disclosure of "Confidential" Litigation Material to Persons Not</u>

15  <u>Described in Paragraph 4</u>.  If any Party wishes to disclose another Party's

16  "Confidential" Protected Material to any person not identified pursuant to or

17  described in paragraph 4 above, that Party must notify the Producing Party in

18  writing and provide (a) the name of the person to whom the "Confidential"

19  Protected Material is to be disclosed, and his/her title and responsibilities; (b) a

20  description of the Protected Material proposed to be disclosed to such person; and

21  (c) the reason disclosure is requested as to such person.  The Producing Party must,

22  within five (5) business days, notify the party wishing to disclose the information of

23  its objections, if any, to the disclosure.  If the Producing Party objects to the

24  disclosure, the Party wishing to disclose the information must seek relief pursuant

25  to Fed. R. Civ. P. 37, requesting permission to disclose the "Confidential" Protected

26  Material to the named person.  If relief is sought, such Protected Material shall not

27  be disclosed to the named person unless authorized by an order of the Court.  If no

28  relief is sought, the protection afforded "Confidential" Protected Material shall

continue as to the Protected Material described in the moving party's notice given pursuant to this paragraph.  Any person who becomes authorized to receive "Confidential" Protected Material pursuant to this paragraph shall, prior to receipt of such Protected Material, execute an undertaking in the form of Exhibit A. Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Protective Order.

9. <u>Designation of Consultants</u>.  Any Receiving Party may designate up to four retained expert consultants (either testifying or non-testifying) ("Consultants") to have access to Protected Material under this Protective Order if the consultants are: (i) neither employees of or consultants to a Party nor anticipated to become employees of or consultants to a Party in the near future; and (ii) engaged by counsel on behalf of a Party as bona fide consultants or experts for purposes of this Action.  The following procedures shall govern the designation of Consultants under this Protective Order:

(a) The Party designating a Consultant shall provide the other Parties with: (i) sufficient information to fully identify the Consultant; (ii) a current resume or curriculum vitae of the Consultant that identifies all previous expert, consulting, testifying, or other involvement in a litigation matter and, for the previous five years, all employment or consulting engagements; (iii) identification of all consulting engagements related to any of the Parties; and (iv) a copy of a completed and signed undertaking in the form attached hereto as Exhibit A.

(b) Within five (5) business days after receipt of the information and signed undertaking described in subparagraph (a), a Producing Party may object in good faith in writing to the proposed Consultant.  The written objection shall set forth the specific factual basis for the objection.  Failure to object in writing to a proposed Consultant within five (5) business days shall be deemed approval, but shall not preclude a Party from objecting to

continued access to Protected Material by that Consultant where facts subsequently learned by the Party or its counsel suggest that a basis for objection exists.

(c) If a Party so objects, the Parties shall meet and confer in good faith in an attempt to resolve their dispute without resort to the Court. If the dispute is not thereby resolved, the objecting Party may seek a ruling from the Court and shall bear the burden of showing why disclosure should not be permitted. Pending a ruling by the Court, the proposed Consultant shall not have access to Protected Material unless such access has been previously approved. If the objecting Party does not move the Court for a ruling within ten (10) business days of the conference of the Parties, then its objection shall be waived, but such waiver shall not preclude the Party from objecting to continued access to Protected Material by the Consultant where facts subsequently learned by the Party or its counsel suggest that a basis for objection exists.

10. <u>Designation With Respect to Original or Native Documents</u>. In the event the producing party elects to produce documents or other materials in native or original form for inspection or sampling, no confidentiality designations need be made by the producing party in advance of the inspection, and the inspection shall not be deemed to constitute an express or implied waiver (a) of any right to designate such documents as Protected Material under this Order or (b) of any applicable privilege (e.g., attorney-client privilege, work-product doctrine, common interest doctrine, or other applicable privilege). All such documents or other material shall be considered as marked "Highly Confidential – Outside Counsel Only." After selection by the inspecting party of specified documents or material for copying, the Producing Party shall place the appropriate confidentiality designations on the copies of the selected documents or materials produced to the inspecting party.

11.     <u>Inadvertent Production of Non-Designated Protected Material</u>.  If a Producing Party inadvertently produces any trade secret or other confidential information without designating it as Protected Material or without designating it with the level of confidentiality to which the material may be subject, the Receiving Party may disclose such information as permitted under the original designation or lack of designation until the Receiving Party is notified or becomes aware of the error.  If the Producing Party notifies the Recipient in writing of an inadvertent failure to designate information as Protected Material, the Receiving Party will thereafter treat such information as if it had been so designated when produced and will make a good faith effort to secure the prompt return of all copies of documents containing such information that it distributed or disclosed to persons not authorized to have access to such information under this Protective Order, as well as any copies or notes made by such persons.  The Receiving Party must also identify to the Producing Party all such instances in which Protected Materials were disclosed to unauthorized persons.

12.     <u>Challenging a Designation</u>.  The propriety of a designation of Protected Material may be challenged at any time, and the failure to object to a designation of Protected Material shall not constitute an admission that the information constitutes or incorporates a trade secret or other confidential information of the Producing Party within the scope of Fed. R. Civ. P. 26(c)(1)(G). If a Receiving Party desires to challenge a designation of Protected Material, the Receiving Party shall confer with the Producing Party, explain the basis for the challenge, and seek to resolve the issue.  If the dispute is not thereby resolved, the Receiving Party may apply to the Court for relief.  In a motion for relief, the Receiving Party must initially present a reasonable basis for its challenge, but the Producing Party shall bear the ultimate burden of persuasion on the issue of whether the information was properly designated.

13.     <u>Limitations on Use of Protected Material</u>.  No recipient of Protected Material shall use such information for any purpose other than in connection with this Action, including any appeals, and such information shall not be disclosed to anyone except as provided herein, by further written agreement of the parties, or by further order of the Court.

14.     <u>Protected Material Sought by Non-Parties</u>.  If a Receiving Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by one not a party to this Action, seeking Protected Material that was produced in this Action, the Receiving Party shall: (i) object to its production to the extent permitted by law, setting forth the existence of this Protective Order; (ii) give prompt written notice by email, hand delivery, or facsimile of such process or discovery request together with a copy thereof, to counsel for the Producing Party; and (iii) cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request.  If within seven (7) days after receipt of written notice of such process or discovery request the Producing Party gives the Receiving Party a written objection to the Receiving Party producing or disclosing such Protected Material, the Receiving Party shall not make production or disclosure of such Protected Material until the Producing Party consents in writing to production or the Receiving Party is ordered or compelled by a court, U.S. or foreign government agency, or administrative body of competent jurisdiction to produce or disclose such Protected Material, so long as the order is not stayed prior to the date set for production or disclosure.  Nothing herein shall be construed as requiring any party or other person subject to this Protective Order to challenge or appeal any order requiring production of Protected Material or subject itself to any penalties for noncompliance with any legal process or order.  Compliance with such other legal process or order by a person or party who has otherwise complied with the provisions of this paragraph will not be a violation of this Order.

15.   <u>Court Filings, Dispositive Motions and Trial</u>.  This Protective Order shall not govern the use of Protected Material either at trial or in connection with dispositive motions.  If protection is desired for any material used in those proceedings, protection shall be sought separately from the judicial officer who will preside over those proceedings. When material designated as or containing Protected Material is incorporated in or filed with pleadings, motions, or briefs or filed as evidence (including as exhibits), such material shall be filed with the Court pursuant to the procedure prescribed by Local Rule 79-5 and the Court's filing procedure for "Preparing Sealed Documents in Civil Cases."   If this Action proceeds to trial, the Parties shall meet and confer on the procedures necessary to protect the confidentiality of any documents, information and transcripts used in Court during trial, and submit a joint proposal to the Court.

16.   <u>Exclusions from Protected Material</u>.  Protected Material shall not include information or material that: (a) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order or other fault of a Receiving Party; (b) is acquired by a Receiving Party from a third party not owing a duty of confidentiality to the Producing Party; (c) before receipt from the Producing Party, was lawfully possessed by the non-Producing Party without a duty of confidentiality to the Producing Party; (d) is disclosed by the Producing Party to a third party not owing a duty of confidentiality to the Producing Party; (e) is independently developed by the Receiving Party; (f) is disclosed under operation of law without confidentiality or disclosure provisions after prior notice to the Producing Party; (g) was disclosed to the Receiving Party by the Producing Party prior to entry of this Protective Order without a duty of confidentiality to the Producing Party; or (h) is disclosed by the Receiving Party with the Producing Party's prior written approval.

17.   <u>Consent to Jurisdiction</u>.  All persons who have access to Protected Material under this Protective Order shall be bound by this Protective Order and

shall be subject to the jurisdiction of this Court for purposes of enforcing this Protective Order.

18.     Patent Prosecution Bar.  Any individual who obtains or receives, in whole or in part, information designated by another Party as "Highly Confidential – Outside Counsel Only" shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of new or amended patent claims pertaining to confidential CBP-beta catenin inhibitors during the pendency of this Action and for two years after the conclusion of this Action, including any appeals.  The bar created by the foregoing sentence does not, however, arise from information (including but not limited to information obtained or received prior to institution of this Action) obtained or received in a format that was not designated as "Highly Confidential – Outside Counsel Only" pursuant to this Protective Order.  For purposes of this paragraph, prohibited claim preparation or drafting shall include instructing others regarding claim drafting.  Notwithstanding the above, nothing in this paragraph shall be construed to prevent any individual from initiating and/or participating in reexamination, reissue, or other post-grant review proceedings with respect to patents that are not owned by an entity with whom that individual has a relationship as an employee, officer, attorney, consultant, or patent agent.  The parties expressly agree that the prosecution bar set forth herein shall be personal to any attorney or person who obtains, reviews, or learns, in whole or in part, information designated by another Party as "Highly Confidential – Outside Counsel Only" and shall not be imputed to any other persons or attorneys at the person's or attorney's law firm or company.

19.     Application to Non-Parties.  Any non-party who is asked to produce documents and/or deposition testimony in this Action shall be provided with a copy of this Order and notified of the opportunity to designate materials in accordance with this Protective Order.  Any non-party who chooses to designate documents for protection under this Order shall receive the same protections as any Party to this

Order.  Other than designating documents and/or deposition testimony, no other acts will be required of any non-party wishing to receive the protections under this Order.

20.    No Admission.  Entering into, agreeing to, or otherwise complying with the terms of this Protective Order, and/or producing or receiving Protected Material under this Protective Order, shall not:

(a)    Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information;

(b)    Prejudice in any way the right of any party to object to the production of documents they consider not subject to discovery, whether on grounds of privilege or otherwise;

(c)    Prejudice in any way the right of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence;

(d)    Prejudice in any way the right of any party to seek a determination by the Court as to whether any information or material should be subject to the terms of this Protective Order;

(e)    Prejudice in any way the right of any party to petition the Court for a further protective order relating to any purportedly confidential information; or

(f)    Prevent a Producing Party from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

21.    No Application to Party's Own Information.  This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.

22.     <u>Non-Waiver of Privilege for Inadvertently Disclosed Materials</u>. Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any document that is subject to a good faith claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document.

23.     <u>Return of Inadvertently Disclosed Materials</u>.  Except in the event that the Receiving Party disputes the claim, any documents the Producing Party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the Producing Party, or destroyed, at the Producing Party's option.  If the claim is disputed, the Receiving Party may comply with the provisions of Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502 for the purpose of seeking judicial determination of the matter.

24.     <u>Inadvertent Disclosure of Protected Material</u>.  In the event of any disclosure of Protected Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the unauthorized disclosure shall immediately notify counsel for the Producing Party and shall make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Material from the unauthorized recipient(s) thereof and securing the agreement of the recipient(s) not to further disseminate the Protected Material in any form.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.  All parties shall promptly advise any Producing Party (including non-parties) of any materials that have been produced and that appear to be privileged, and shall refrain from disseminating such materials pending a response, which must be made within seven business days.

25.     <u>All Forms of Discovery</u>.  The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

26.   <u>Modification</u> .  It is the intention of the parties that the provisions of this Protective Order shall govern discovery  in this Action.  Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Protective Order by application to the Court upon notice to the other parties hereto and upon a showing of good cause.

27.   <u>Effective Before Entry</u>.  The Parties agree that this Order shall apply retroactively to any confidential and appropriately labeled documents that a Party has produced prior to entry of the Order by the Court.  However, a Producing Party need not produce Protected Material until this Protective Order has been entered by the Court.

28.   <u>Return or Destruction of Protected Material upon Completion of the Action</u>.  Absent written agreement of the parties or further order of the Court, the provisions of this Protective Order shall continue to be binding throughout and after the conclusion of this Action, including without limitation any appeals therefrom.  Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Action, including any appeals therefrom, all persons having received information or material designated as Protected Material hereunder shall return such materials and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or shall certify destruction thereof; provided, however, that outside counsel of record for each party shall be entitled to retain court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated by another party as Protected Material).  If outside counsel does retain information or material so designated by another party, it shall not disclose any such information or material to any other person or entity or use any such information or material for any purpose except pursuant to a further written agreement with the Producing Party or pursuant to a court order or similar legal process.  All materials returned to the parties or

1  their counsel by the Court likewise shall be disposed of in accordance with this

2  paragraph.

3         29.    Survival of Order.  This Protective Order shall remain in full force and

4  effect after the termination of this Action, or until canceled or otherwise modified

5  by Order of this Court.

6

7  SO ORDERED this 26th day of October, 2012.

8

9

10  _____

11                        Honorable Ralph Zarefsky
                          United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   APPROVED AS TO CONTENT AND FORM:

2

3   Dated this 19th day of October, 2012.

4

5   /s/ *Kyle M. Amborn*   /s/ *Stuart R. Dunwoody*

6   Grant Kinsel      Stuart R. Dunwoody
    State Bar No. 172407    Admitted *pro hac vice*
7   Jerry A. Riedinger     Benjamin J. Byer
    Admitted *pro hac vice*    Admitted *pro hac vice*
8   Kyle M. Amborn     Jennifer L. Brockett
9   Admitted *pro hac vice*    State Bar No. 193433
    PERKINS COIE LLP    DAVIS WRIGHT TREMAINE LLP
10

11  Attorneys for Plaintiff    Attorneys for Defendant
12  **JW Pharmaceutical Corp.**  **Michael Kahn**

13

14            /s/ *Michael N. Zachary*

15            Michael N. Zachary
             State Bar No. 112479
16            Brian F. McMahon
             State Bar No. 235373
17            CHRISTENSEN O'CONNOR
18            JOHNSON KINDNESS PLLC

19

20            Attorneys for Defendant
             **PRISM Pharma Co., Ltd.**

21

22

23

24

25

26

27

28

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JW Pharmaceutical Corp.**, | Case No. 2:12-cv-01006-JAK-RZ |
| Plaintiff, | |
| v. | **UNDERTAKING OF [CONSULTANT/VENDOR] TO BE BOUND BY PROTECTIVE ORDER** |
| **Michael Kahn**; and **PRISM Pharma Co., Ltd.**, | |
| Defendants. | |
| | The Honorable John A. Kronstadt |

1.      I, [NAME], having been retained by [PARTY] in connection with the above-captioned lawsuit, hereby acknowledge that I am about to receive Protected Material as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

2.      My present residential address is _____

_____.

3.      My present employer is _____

_____.

4.      The address of my present employer is _____

_____.

5.      My present occupation or job description is _____

_____.

6.      I have received, carefully read, and understand all of the provisions of the Protective Order and agree to be bound by it.

7.    I certify my understanding that the Protected Material is being provided to me pursuant to the terms and restrictions of the Protective Order.  I hereby agree to be bound by the terms of the Protective Order.  I understand that the Protected Material and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.  I also understand that neither I nor anyone assisting me can use or rely on any Protected Material disclosed to me for any purpose not authorized under the Protective Order.

8.    I will return on request all material containing Protected Material, copies thereof and notes that I have prepared relating thereto to outside trial counsel for the party by whom or on whose behalf I am retained, or I will destroy those materials.  I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and that I may be potentially liable in a civil action for damages by the Producing Party.

9.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

**I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct**.

Dated:                                              Signed:

_____          _____

                                                [TYPED NAME]

                                                [IF APPLICABLE: on behalf of

                                                ENTITY NAME]