**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JW PHARMACEUTICAL CORP., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL KAHN, <br><br> Defendant. | CASE NO. CV 12-01006 JGB (RZx) <br><br> ORDER ON MOTIONS TO COMPEL |

This matter came before the Court on November 10, 2014 on three motions to compel discovery. Plaintiff JW Pharmaceuticals ("JWP") moved to compel production of documents from (1) third-party Bret MacPherson [Doc #141] and (2) Defendant Michael Kahn, M.D. [Doc # 143]  Dr. Kahn moved (3) to compel production from Plaintiff [Doc #149].  Plaintiff appeared through its counsel Michael J. Song and Kyle M. Amborn; Defendant Kahn appeared *pro se*; and third-party MacPherson and non-party PRISM Pharma Co., Ltd. appeared through counsel Michael N. Zachary.  The Court heard argument of counsel and took the matters under submission.  The Court has reviewed the voluminous papers filed in connection with these motions and, now having been fully advised, rules as follows:

///

///

**Plaintiff's Motion to Compel Documents from Third-Party MacPherson**

Plaintiff's motion is granted. The communications were between non-parties, not an attorney and a client, and the purpose of the communications clearly was not to obtain information that would then be related to an attorney for the purpose of seeking advice. In addition, the Court finds that any privilege that might have existed has been waived. Mr. MacPherson was not a client, was not treated as a client, had a contract that made clear that he was an outside consultant and it was not necessary for him to be included in any discussion about legal strategy that might be pursued.

**Plaintiff's Motion to Compel Documents from Defendant Dr. Kahn**

Plaintiff's motion against Dr. Kahn has several sub-parts.

a. The motion is granted as to document 11369. To begin with, the document is not itself an attorney-client communication, but a communication between PRISM's president and Dr. Kahn, neither of whom is an attorney. In addition, the document does not relate conversations with PRISM's attorney, but simply says that conversations with an attorney have taken place; it then describes what actions will follow, but that does not mean that those actions embodied the conversations that PRISM had with its attorneys. Finally, to the extent that the document could be considered somehow as an attorney-client communication, any privilege has been waived by disclosure to Mr. MacPherson. In addition, Dr. Kahn also was an outside consultant, and disclosure to him of communications between PRISM and PRISM's attorneys — again, if this communication could somehow be considered as an attorney-client communication — would constitute a waiver.

b. For similar reasons, the motion is granted as to Documents 073002-03, 072999-3001, 072989-994 and 072995-998.

   c. The motion is granted as to the documents disclosed to Pfizer, which the Court understands to be 072258-408, 072409-611 and 074994-5196. The disclosure to Pfizer waived any privilege that might have existed. There is no evidentiary basis for concluding otherwise.

   d. The motion is denied as to compelling further revision of the privilege log. While perhaps not ideal, the log is sufficient.

   e. The motion is granted as to the production of documents in a usable format. The Court does not understand there to be much of a dispute here. To the extent a ruling is necessary, however, it is clear that documents must be produced in a way that they can be utilized.

   f. The motion is granted as to Interrogatories Nos. 15 and 16. Even if the number exceeds the presumptively-allowed number, it would be appropriate to have two additional interrogatories. Defendant shall provide supplemental answers within 14 days.

## **Defendant Dr. Kahn's Motion to Compel**

   The parties stipulated to a protective order, that provides that certain documents will not be shown to the parties themselves, but only to attorneys. This was the agreement between the parties, and the parties showed good cause for entry of an order embodying the agreement. Since the stipulation, Dr. Kahn no longer is represented, and now seeks access to documents that are protected from disclosure to him. The Court holds the parties to their stipulation. A party may not make an end-run around such a stipulation by acting as his own counsel. If Dr. Kahn wishes for the "highly confidential–attorney's eyes only" documents to be viewed, then he must hire counsel.

///

///

It appears that the parties have resolved their differences about production of the Settlement Agreement. As to the Chugai documents, those are not relevant to the claims and defenses in this case, as they concern matters concluded by the prior litigation.

The motion of Defendant Dr. Kahn is denied.

\* \* \*

IT IS SO ORDERED.

DATED: November 17, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

- 4 -